UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEO JENNINGS, | ) | CASE NO.: 1:12CV3027 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Erika Leo Jennings to the Report and Recommendation ("R&R") of the Magistrate Judge.  This action was referred to the Magistrate Judge for an R&R on Jennings' Appeal of the Social Security Administration's decision to deny claim for a period of disability and disability insurance benefits.  On September 17, 2013, Magistrate Judge White issued his R&R recommending that the Commissioner's decision be affirmed.

For the reasons stated below, the objections are OVERRULED.  The R&R is adopted in whole and the decision of the Commissioner is hereby AFFIRMED.

I. **Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases,

judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Jennings' Objections

In his first objection, Jennings contends that the R&R erred when it found no error in the ALJ's decision to deny Jennings' request to amend the onset date of his alleged disability. In finding no error, the R&R noted that the ALJ "'need not disprove a possible earlier onset date, even if [it] is supported by substantial evidence, as long as the onset date determined by an [ALJ] is supported by substantial evidence.' *Shrader v. Astrue*, 2012 WL 5383120 at * 5 (E.D. Mich. Nov. 1, 2012). *See also Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)." Doc. 16 at 10. In his objections, Jennings does nothing to contest this law, nor its application to the facts herein. Instead, Jennings reiterates his argument that because he testified to having flu-like symptoms earlier than his originally claimed onset date that the ALJ should have amended the date to the earlier date that he *first* allegedly had symptoms of any kind. In so doing, Jennings entirely ignores the analysis performed by both the ALJ and the R&R that concluded that substantial evidence existed to utilize the originally claimed onset date. As such, Jennings' first objection lacks merit.

In his second objection, Jennings claims that the R&R erred when it found no error in the ALJ's reliance on the vocational expert. In support, Jennings relies upon testimony from the

vocational expert that was elicited through cross-examination.  During that examination, the vocational expert agreed that it was conceivable that on any particular day that it would be possible that the jobs given would require activities that went beyond Jennings average limitations. Specifically, the following exchange occurred:

> Q: Okay. So you're saying that these jobs can be performed, like a clerk, if they're only using their hands for one-third of the time?
>
> A: For the numbers– for the jobs that I gave and for the numbers I gave, yes.
>
> Q: What if it was a busy day and they said, well, I've used my hands for a third of the time, I can't do it anymore.
>
> A: That would be unacceptable. That would not work.
>
> Q: Okay. And so that could happen in the job, in a clerk job?
>
> A: Yeah.
>
> Q: What about– I mean, so for all these jobs, it could happen that they would be required to use their hands for more than a third of the day?
>
> A: I think that's a possibility, yes.

Based upon the above, Jennings contends that the ALJ could not rely on the vocational expert as the testimony indicates that Jennings could not in fact perform the jobs suggested by the vocational expert.

The R&R fully analyzed the arguments set forth by Jennings, explaining that the ALJ was compelled to ask the vocational expert whether his testimony conflicted with the DOT.  This inquiry was properly made.   Moreover, the vocational expert clearly testified that a claimant with Jennings' limitations could in fact perform the jobs that were detailed.  Accordingly, the R&R committed no error in concluding that substantial evidence supported the ALJ's decision.  This final objection is also overruled.

**III.    Conclusion**

Jennings' objections are OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED. The judgment of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


Dated: November 13, 2013                              /s/ John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE